```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

PHILLIP BUSCH,                   §
                                 §
             Plaintiff,          §
                                 § Civil Action No. 3:06-CV-1352-D
VS.                              §
                                 §
LANCE WILLIAMS, et al.,          §
                                 §
             Defendants.         §

                    MEMORANDUM OPINION
                       AND ORDER

In this *pro se* action by plaintiff Phillip Busch ("Busch") alleging claims for copyright infringement and intentional infliction of emotional distress,[1] defendants move anew to dismiss under Fed. R. Civ. P. 12(b)(6) or, alternatively, under Rule 12(c). For the reasons that follow, the court grants their motion to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

                              I

The background facts and procedural history of this case are set out in the court's prior opinion and need not be recounted at length. *See Busch v. Williams*, No. 3:06-CV-1352-D, slip op. at 1-3

---

[1] Although plaintiff's proposed first amended complaint appears also to allege claims for fraud and civil conspiracy, he did not file the first amended complaint and did not assert these claims in his original state-court petition. The only allegation in his original petition that can be construed as asserting either of these claims is the conclusory assertion in the introduction that "Defendants have conspired against Busch . . . ." Pet. ¶ 2. Accordingly, although the court has recognized that Busch *could* potentially allege claims for fraud and civil conspiracy, he has not done so, and they need not be considered.

(N.D. Tex. Feb. 7, 2007) (Fitzwater, J.) ("*Busch I*").  Busch sues Lance Williams ("Williams"), Mark Fainaru ("Fainaru"),[2] the San Francisco Chronicle (the "Chronicle"), and Gotham Books ("Gotham") for copyright infringement and intentional infliction of emotional distress.  He alleges that he authored a book entitled "E=M2," in which he exposed a scandal involving the use of steroids by professional athletes.[3]  Busch avers that Williams, Fainaru, and Gotham (collectively, the "Gotham defendants") infringed his copyright by publishing a book about the same scandal, entitled "Game of Shadows."  Busch asserts that "Game of Shadows" is, *inter alia*, "a carbon copy" of his work, and that the Gotham defendants committed copyright infringement because they "used his writings" and "took" or "stole" his "creative expression" and "placed [it] into their book."  Pet. ¶ 24.  Busch appears to allege that the Chronicle is secondarily liable, asserting that the Gotham defendants committed infringement "with the help of the [Chronicle]."  *Id.*  He avers that all four defendants are liable for intentional infliction of emotional distress because

> [a]fter [he] tried to ask Williams to correct events Williams tried to intimidate [him] with the power of [the Chronicle's] vast resources of media exposure and great financial wealth to humiliate Busch . . . by printing

---

[2]Fainaru is sued under the name "Fainaru," but his real name is Fainaru-Wada

[3]Busch refers specifically to "[e]xposing . . . Barry Bonds, and The Balco Steroid scandal."  Pet. ¶ 2.

- 2 -

> allegations about him which are untrue, and destroying his [potential] to market his book fairly . . . so the industry wouldn't carry Busch's book.

*Id.* at ¶ 29.

In response to defendants' initial motions to dismiss, Busch moved to amend his complaint. In *Busch I* the court granted Busch's motion and gave him leave to file a first amended complaint; otherwise, the court would dismiss his federal-law copyright infringement claim and remand any remaining state-law claims to state court. *Busch I*, slip op. at 5-6. Busch later moved for a 30-day continuance based on his wife's illness and the need to care for their young child. The court granted the motion in a March 15, 2007 order, stating, "By granting the relief now, the court can confidently conclude that plaintiff has been given a fair opportunity to comply with the court's February 7, 2007 memorandum opinion and order and that a significant showing must be made before any further extensions can be requested or expected." *Busch v. Williams*, No. 3:06-CV-1352-D, order at 1 (N.D. Tex. Mar. 15, 2007) (Fitzwater, J.).

Busch later requested a second 30-day continuance, this time citing personal illness as the basis for failing to comply with the deadline. In an April 12, 2007 order, the court denied the motion and dismissed Busch's claim for copyright infringement because he had failed to address the defects identified in *Busch I*. *Busch v. Williams*, No. 3:06-CV-1352-D, order at 2-3 (N.D. Tex. Apr. 12,

2007) (Fitzwater, J.). Because the claim that had given the court federal question removal jurisdiction had been dismissed, and because it also appeared that the court had diversity jurisdiction (if properly pleaded), the court ordered that defendants either properly plead diversity of citizenship and move anew to dismiss, or advise the court that they did not oppose remanding Busch's remaining claims to state court. *Id.* at 3. Defendants opted to file an amended notice of removal and to move to dismiss the remainder of Busch's lawsuit.

II

The court addresses as a threshold matter its reasons for retaining jurisdiction over, rather than remanding, the remaining claim in this case.

A

This case was originally removed based on this court's federal question jurisdiction. In their amended notice of removal, defendants maintain that the court has subject matter jurisdiction over Busch's state-law claim for intentional infliction of emotional distress based on diversity of citizenship. *See* 28 U.S.C. § 1332.[4]

Busch has not moved to remand the case. He has, however, made conclusory assertions in his response brief that the case should be

---

[4]They also contend that the court can exercise supplemental jurisdiction over this claim. *See* 28 U.S.C. § 1367. The court need not reach this question.

remanded because the required amount in controversy has not been met. Even if Busch had not asserted that the court lacks subject matter jurisdiction, the court would be obligated to raise the issue *sua sponte*. *See, e.g., McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.5 (5th Cir. 2005).

B

The party seeking to invoke diversity jurisdiction bears the burden of establishing that there is complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000, exclusive of interest and costs. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)). It is undisputed that Busch is a diverse citizen from all defendants. The only question is whether the amount in controversy exceeds $75,000, exclusive of interest and costs.

When, as here, the plaintiff does not allege a specific amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the minimum required amount is satisfied. *Id.* at 638-39 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). This burden may be met in one of two ways. *Id.* at 639. First, jurisdiction is proper if the complaint makes it "facially apparent" that the plaintiff's claims are likely to exceed $75,000. *Id.* (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Second, if the value is not

apparent, the defendants may show that jurisdiction is proper by setting forth facts that support a finding of the required amount in controversy, either in the notice of removal or by affidavit. *Id.* (quoting *Allen*, 63 F.3d at 1335).

C

The court must determine whether jurisdiction is proper by examining the claims in the state court petition as they existed at the time of removal. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). In his original petition, Busch requests "economic damages[,] general damages[, and] punitive damages[,] all in the amount to be determined by the court[,] together with prejudgment interest cost of litigation and other relief to which Busch may be entitled." Pet. ¶ 29. Given the nature of this case, the court concludes that Busch's claim for these damages is facially more likely than not to exceed $75,000. Thus the court has subject matter jurisdiction based on diversity of citizenship, despite the dismissal of Busch's federal-law claim.

Even if the "facially apparent" standard had not been met, however, defendants' amended notice of removal establishes that the amount in controversy exceeds the statutory minimum. *See Garcia*, 351 F.3d at 639. A copyright owner may be entitled to recover "the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement." 17 U.S.C. § 504(b). Defendants

assert that the gross receipts for "Game of Shadows" were over $4 million, and that if defendants' book were found to be an unlicensed carbon copy of Busch's book, as he contends, his actual damages would amount to a substantial portion of these profits. This sum would almost certainly be more than $75,000. And as defendants point out, as an alternative to actual damages, a court may award up to $150,000 in statutory damages for a willful copyright infringement. 17 U.S.C. § 504(c)(2). This sum also exceeds the minimum required amount of $75,000.

Defendants also point out, *inter alia*, that claims for intentional infliction of emotional distress involve conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *GTE Sw., Inc. v. Bruce*, 998 S.W.2d 605, 611-12 (Tex. 1999) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). They maintain that this supports the notion that damages for a successful claim are likely to exceed $75,000. *See id.* at 620 (affirming damages award of $100,000 for intentional infliction of emotional distress); *Conley v. Driver*, 175 S.W.3d 882, 887 (Tex. App. 2005, pet. denied) (affirming $150,000 award).

Finally, defendants rely on Busch's claim for punitive damages. Under Texas law, a plaintiff may recover up to (1) two times the amount of economic damages plus an amount equal to any

non-economic damages found by the jury, not to exceed $750,000; or (2) $200,000. Tex. Civ. Prac. & Rem. Code Ann. § 41.008(b) (Vernon 2007). It is therefore likely that Busch's recovery of punitive damages would exceed $75,000.

Accordingly, the court concludes that the minimum amount in controversy requirement for subject matter jurisdiction based on diversity of citizenship has been satisfied. Thus the court holds that it has subject matter jurisdiction over Busch's remaining state-law claim, and it turns to the merits of defendants' motion to dismiss.

III

Defendants move to dismiss Busch's claim for intentional infliction of emotional distress under Rule 12(b)(6).

A

Defendants' Rule 12(b)(6) motion to dismiss should be granted only if it appears beyond doubt that Busch can prove no set of facts, consistent with the allegations, that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957);[5] *Leffall v.*

---

[5]In *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007), the Supreme Court held that *Conley*'s oft-cited "no set of facts" test was an incomplete and unnecessary negative gloss on the actual pleading standard: "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts *consistent with the allegations in the complaint*." *Id.* at 1969 (emphasis added). The Court noted that *Conley* "described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." *Id.*

*Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). In deciding the motion, the court must accept all well-pleaded factual allegations as true, view the complaint in the light most favorable to Busch, and draw all reasonable inferences in his favor. *E.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004); *Royal Bank of Can. v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex. 1990) (Fitzwater, J.). Nevertheless,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotation marks omitted).

*Pro se* complaints are to be construed more liberally than those drafted by attorneys. *E.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990). Nevertheless, a *pro se* plaintiff still must allege some facts that demonstrate that he has a colorable claim; mere conclusory allegations will not suffice. *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

B

For the reasons stated in *Busch I*, which addresses Busch's original state-court petition, and which he has not amended, the allegations of his petition, even when construed liberally, accepted as true, and viewed in the light most favorable to Busch, do not state a claim for intentional infliction of emotional distress on which relief can be granted. *Busch I*, slip op. at 10-11 (citing *Hoffmann-LaRoche Inc. v. Zeltwanger*, 144 S.W.3d 438 (Tex. 2004)).  In *Busch I* the court held, "[a]lthough the court will permit Busch to attempt by amended complaint to plead a claim for intentional infliction of emotional distress, it concludes that neither his petition nor his proposed amended complaint does so." *Id.* at 10.  Busch's petition does not adequately allege a claim for intentional infliction of emotional distress that qualifies as one of the rare instances in which defendants intentionally inflicted emotional distress in a manner so severe and unusual that the plaintiff has no other recognized theory of redress, and therefore is entitled to recover. *See id.* at 11.  This is primarily because the gravamen of Busch's complaint for intentional infliction of emotional distress is essentially his claim for copyright infringement, and is not based upon independent acts. *See id.*

Busch has not taken advantage of the opportunity the court gave him to amend his complaint, despite being granted a 30-day extension of the deadline.  Because Busch did not timely file an

amended complaint that adequately alleges a claim for intentional infliction of emotional distress, the court's decision in *Busch I* stands.  Because Busch has failed to state a claim for intentional infliction of emotional distress upon which relief can be granted, defendants' renewed motion to dismiss under Rule 12(b)(6) must be granted.

\*     \*     \*

Defendants' May 1, 2007 renewed motion to dismiss is granted. By judgment filed today, Busch's copyright infringement claim is dismissed without prejudice for want of subject matter jurisdiction, and his state-law claim for intentional infliction of emotional distress is dismissed with prejudice.

**SO ORDERED.**

July 16, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE